IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN PABLO CHAVEZ, § | | |
|     PETITIONER, § | | |
| § | | |
| V. § | CIVIL CASE NO. 3:21-CV-891-B-BK | |
| § | | |
| DALLAS COUNTY SHERIFF'S § | | |
| OFFICE, ET AL., § | | |
|     RESPONDENTS. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, Juan Pablo Chavez's *pro se* petition for writ of habeas corpus under § 2241 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review, the petition should be **DISMISED WITHOUT PREJUDICE** pursuant to the *Younger v. Harris* abstention doctrine, or, alternatively, **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[1]

**I. BACKGROUND**

On May 31, 2020, a Dallas County grand jury returned a one-count indictment against Chavez for aggravated assault with a deadly weapon.[2] *State of Tex. v. Juan Chavez*, No. F-

---

[1] Marian Brown, the Dallas County Sheriff, is substituted as the sole Respondent in this habeas action. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). However, Chavez may object to this substitution within 14 days after being served with a copy this recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] Judicial notice of the filings in Dallas County District Court may be taken, as they are matters of public record. *See Ferguson v. Extraco Mort. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) ("A

2055515 (265th Dist. Ct. Dallas Cnty. Tex. May 31, 2020). The online state court record reflects that Chavez was released on bond and is currently awaiting trial. *See id.* After he was indicted and made bond, Chavez filed this § 2241 habeas petition. *See id.*; *see also* Doc. 1. The relief sought and bases for the same are not entirely clear. Chavez references various statutes and constitutional principles, but fails—in both his petition and response to a Magistrate Judge Questionnaire ("MJQ")—to set forth any facts supporting his claims. *See* generally Docs. 1, 14.³

Liberally construing his filings, it appears Chavez seeks dismissal of his pending state criminal charge. He alleges improprieties in the state criminal proceedings, including (1) an unconstitutional search of his living quarters and the seizure of "numerous grievances and papers"; (2) his inability, after nearly a year of proceedings, to enter a plea, confront witnesses, be informed of the nature of the charges against him, and secure favorable witnesses; (3) counsel's ineffectiveness for failure to file motions; (4) an excessive $15,000 bond; and (5) deprivation of his liberty and property without due process of law. *See* Doc. 1 at 5-6. He also vaguely references issues he had while in the Dallas County Jail, including (1) being put on suicide watch for submitting grievances, (2) not being allowed to see "psych" while on suicide watch, and (3) being put in the "violent/murders [sic]" cell. *See* Doc. 1 at 6. Additionally, he simply lists various civil statutes, including 42 U.S.C. § 1983, 18 U.S.C. § 1584 (a prohibition

---

court may take judicial notice of a document filed in another court…to establish the fact of such litigation and related filings").

³ In fact, Chavez objected to the MJQ as overly broad and only answered some of the questions presented. *See* Doc. 14 at 1. He asked the Court to issue a new MJQ with more "specific" questions and to give him more time to respond to the same. Doc. 14 at 1. To the extent that Chavez's response to the MJQ could be construed as a motion for the Court to issue him a new MJQ and for additional time to respond to the same, it should be denied: he does not explain, specifically, why he could not answer the MJQ questions, which were tailored to his case.

against selling others into involuntary servitude), and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. Doc. 1 at 4.[4] Chavez requests "maximum injunctive/equitable/declaratory relief." Doc. 1 at 7.

## II. ANALYSIS

### A. *Younger* Abstention

The Court must first examine the threshold question of whether it has subject matter jurisdiction in this case. It is an issue of paramount concern that should be addressed, *sua sponte* if necessary, at any time throughout the proceedings. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

In light of his *pro se* status—and the fact that he filed his petition on the Court's standard § 2241 petition form—Chavez's petition is liberally construed to request pretrial habeas relief under 28 U.S.C. § 2241(c), which applies to a person "in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [him]." *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).[5]

As mentioned *supra*, Chavez seeks injunctive and declaratory relief based on constitutional challenges to the ongoing state criminal proceedings. Thus, the Court must

---

[4] Although Chavez's complaint vaguely references these civil statutes, the Court does not understand him to make claims pursuant to them because the MJQ specifically asked Chavez whether he intended to make claims under those statutes, and Chavez returned the questionnaire without answering this question. *See* Docs. 11, 14.

[5] Even if currently released on bail, Chavez is "in custody" for purposes of § 2241. *See Gordon v. Turpin*, Civil Case No. 7:21cv00509, 2021 WL 5824539, at *2 (W.D. Va. Dec. 8, 2021) (finding state criminal defendant awaiting trial on bond was "in custody" for purposes of § 2241).

determine if it should abstain from exercising jurisdiction pursuant to the *Younger* abstention doctrine. The *Younger* abstention doctrine generally provides that federal courts should abstain from exercising jurisdiction when the petitioner or plaintiff seeks injunctive or declaratory relief based on constitutional challenges to ongoing state criminal prosecutions. *See Younger v. Harris*, 401 U.S. 37, 41 (1971); *see also Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) (a "[p]etitioner must satisfy the *Younger* abstention hurdles before [a court] may give habeas relief"). The *Younger* abstention doctrine applies when: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (internal citations omitted).

Those requisites are all met here. First, "[i]nterference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'" *Bice*, 677 F.3d 717 (citations omitted). And this Court's grant of injunctive or declaratory relief as to the ongoing state criminal case would necessarily interfere with the state court's ability to conduct its own proceedings, in contravention of *Younger*. *See, e.g., Tucker v. Reeve*, 601 F. App'x 760 (10th Cir. 2015) (affirming application of *Younger* abstention to § 2241 petition where claims included excessive bond, denial of speedy trial, and illegal search and prosecution).

Second, the state obviously "has a strong interest in enforcing its criminal laws," *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (1984). Consequently, it has an important interest in the claims that Chavez presents here, which go to the legality of the state court criminal proceedings.

4

Third, Chavez can litigate the claims he raises here in the state proceedings. *Bice*, 677 F.3d at 716 (quoting *Middlesex*, 457 U.S. at 432). Specifically, Chavez can challenge in state trial and appellate courts the allegedly improper search and seizure, excessive bail, his inability to confront witnesses, his inability to obtain favorable witnesses, and any violation of his speedy trial rights. *See Friemel v. Sheriff, Gregg County*, Civil Action No. 6:20cv609, 2021 WL 2372213, at *3 (E.D. Tex. Apr. 20, 2021) (petitioner has the opportunity to challenge the evidence against him at trial and to appeal any potential conviction in state court on direct appeal and in collateral proceedings, as well as through federal habeas corpus proceedings."). Texas courts also offer Chavez the chance to exhaust any claim of ineffective assistance of counsel. *See Trevino v. Thaler*, 569 U.S. 413, 426 (2013).

Finally, while there is an exception to the *Younger* abstention doctrine when a petitioner demonstrates extraordinary circumstances showing a threat of irreparable injury which is both great and immediate, Chavez has neither suggested nor shown that the exception would apply here. *Younger*, 401 U.S. at 45.

### B.  Failure to Exhaust Administrative Remedies

Even if the *Younger* abstention were inapplicable, Chavez's petition is nevertheless subject to dismissal for failure to exhaust.

"[A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225. A Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an

application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Here, a review of Chavez's filings and the available online records of his state criminal proceedings[6] reveals that he failed to properly exhaust his available state remedies before filing this federal habeas action.  While Chavez asserts in conclusory fashion that he exhausted his state court remedies via "Casemaker" (apparently an online legal research platform), he does not aver, nor is there evidence indicating, that he ever filed a state application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure.  Specifically, in his *Answers to the Magistrate Judge's Questionnaire*, Chavez wholly failed to provide information regarding exhaustion as requested.  Doc. 14 at 4, 6.  Consequently, Chavez's petition is alternatively subject to dismissal because his claims remain unexhausted.

### III. CONCLUSION

For the foregoing reasons, Chavez's petition for a writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** pursuant to the *Younger* abstention doctrine, or, alternatively, **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**SO RECOMMENDED** on April 21, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[6] The Texas Court of Criminal Appeals and Texas Fifth District Court of Appeals docket sheets are available at https://www.txcourts.gov/cca/ and https://www.txcourts.gov/5thcoa/ (last accessed March 29, 2022).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).