IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN PABLO CHAVEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | No. 3:21-CV-891-B (BK) |
| VS. | § | |
| | § | |
| DALLAS COUNTY SHERIFF'S, | § | |
| OFFICE, ET AL., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *pro se* habeas petitioner Juan Pablo Chavez's "Motion for Extension of Time to Petition for Rate of Search Ferrari Before Judgment" ("the motion"). Doc. 24. For the reasons stated below, the motion is **DENIED WITHOUT PREJUDICE**.

The Court, accepting in full the recommendation of the United States Magistrate Judge, dismissed without prejudice Chavez's petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Docs. 15, 21, 22, Findings Conclusions, and Recommendation; Order Accepting Findings, Conclusions, and Recommendation; and Judgment. More specifically, the Court found that the petition, which appeared to seek the dismissal of pending state criminal charges, should be dismissed without prejudice pursuant to the *Younger v. Harris* abstention doctrine, or, alternatively for the failure to exhaust administrative remedies. *See id.*; *see also* 401 U.S. 37 (1971).

The day after the judgement was entered against Chavez, he filed the instant motion. Doc. 24, motion. It is unclear what, if any, relief Chavez seeks. The motion includes what appears to be a screenshot from a phone or tablet showing part of a wikipedia article listing the elements of the

-1-

*Younger* abstention doctrine, as well as exceptions to it, but Chavez never argues that the Court erred in relying on that doctrine to dismiss his petition. *See Id.* at 1, 10. It also includes other screenshots of Chavez's internet activity with seemingly no connection to this case, as well as copies of the Court's order accepting the Magistrate Judge's recommendation and the judgment dismissing the case. *See id.* at 5-12. Then, about a week after he filed the motion, Chavez filed a notice of appeal. *See* Doc. 25, Notice of Appeal. The motion remains pending.

As a general rule, a notice of appeal divests a district court of jurisdiction over the matters involved in the appeal, except to aid the appeal, correct clerical errors, or enforce its judgment so long as the judgment has not been stayed or superseded. *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005) (quoting *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983)). However, Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

The motions listed in Rule 4(a)(4)(A) include: a motion for judgment under Rule 50(b); a motion to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment; a motion for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58; a motion to alter or amend the judgment under Rule 59; a motion for a new trial under Rule 59; and a motion for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered. "[T]he timely filing of a motion listed in Rule 4(a)(4)(A) suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court. This holds true regardless of whether the motion was filed before or after the notice

of appeal." *Ross*, 426 F.3d at 751-52.

It is unclear, what, exactly, Chavez's motion is. While Chavez provides a screenshot of a Wikipedia article that highlights the exceptions to the *Younger* doctrine, he does not say that he is contesting the Court's judgment or reliance on that doctrine. Indeed, his motion provides no text or requests at all. The Court will not engage in blind speculation or guesswork as to the relief Chavez seeks. *See, e.g.*, *Grady v. Georgia Dep't of Correction*, No. CV409-103, 2010 WL 322881, at *2 (S.D. Ga. Jan. 27, 2010) ("[D]espite liberal pleading standards for *pro se* litigants, the Court cannot be forced to speculate on what someone is complaining about.").

In sum, the Court is unable to determine that Chavez's motion (Doc. 24), even liberally construed, is one of those listed in Rule 4(a)(4)(A) or would somehow aid the appeal, correct clerical errors, or enforce the Courts's  judgment. Therefore, given the pending appeal of this matter, the Court lacks jurisdiction to consider the motion, and it is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

**SIGNED: September 21, 2022.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE